IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| LUIS ALBERTO MARTINEZ MORENO : | |
| 1019 Quebec Terrace : | |
| Apt. 3 : | |
| Langley Park, Maryland 20903 : | |
| : | |
| Plaintiff, : | Civil Action No. |
| : | |
| v. : | |
| : | |
| THE LANDSCAPERS, LLC : | |
| 18002 Fertile Meadows Road : | |
| Gaithersburg, Maryland 20877 : | |
| : | |
| Serve:  Resident Agent : | |
| Garrett Brown : | |
| 18002 Fertile Meadows Road : | |
| Gaithersburg, Maryland 20877 : | |
| : | |
| EVAN BROWN : | |
| 18002 Fertile Meadows Road : | |
| Gaithersburg, Maryland 20877 : | |
| : | |
| and : | |
| : | |
| GARRETT BROWN : | |
| 18002 Fertile Meadows Road : | |
| Gaithersburg, Maryland 20877 : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiff, Luis Alberto Martinez Moreno ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants The Landscapers, LLC, Evan Brown and Garrett Brown ("Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3809436_1

Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a laborer. Plaintiff was paid at the same hourly rate for all hours worked. He worked on average sixty-six hours per week and was not paid at the overtime rate of one and a half times his wage as required by Maryland and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant The Landscapers, LLC ("The Landscapers") is a Maryland corporation.

5. Defendants Evan Brown and Garrett Brown (the "Individual Defendants") are the owners of Landscapers, LLC.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

3809436_1

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. The Individual Defendants controlled the day to day operations of The Landscapers.

11. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiff.

12. The Individual Defendants supervised Plaintiff directly or indirectly.

13. The Individual Defendants directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. The Individual Defendants would be considered employers for purposes of individual liability because of their intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a laborer from June 1, 2011 through June 18, 2014 (the "Employment Period").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3809436_1

18. Throughout the Employment Period, Plaintiff was paid at a rate of $13.00 per hour.

19. Plaintiff worked an average of sixty-six hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours per week.

20. Plaintiff is owed approximately $26,364.00 in overtime wages.

21. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

22. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

23. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

### COUNT I
**(Violation of the Maryland Wage Payment and Collection Law)**

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. The amounts owed to Plaintiff by Defendants for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

3809436_1

28. Defendants were required to pay to Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

29. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

30. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

31. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

32. Under the MWPCL, Plaintiff is owed $79,092.00 which is equal to three times the overtime compensation owed.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally and in favor of Plaintiff in an amount to be determined at trial, but no less than $79,092.00, which is three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

33. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

34. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

35. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times regular hourly rate for all hours worked in excess of forty hours per week.

36. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

37. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $52,728.00 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT III
### (Violation of the Maryland Wage and Hour Law)

38. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

39. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week.  *See* Md. Code Ann., *Lab. & Empl.* § 3-415

40. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the MWHL.

41. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

42. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $26,364.00 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____*/s/ Mary Craine Lombardo*_____
Mary Craine Lombardo (17140)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

3809436_1